HHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08 CR 509-1 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| DANIEL RODRIGUEZ, | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

The indictment in this case charged Defendant Daniel Rodriguez with conspiring to distribute and possess with the intent to distribute fifty grams or more of mixtures containing cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Section 846 (Count One), and distributing fifty grams or more of mixtures containing cocaine base in the form of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Count Two).

Rodriguez pled guilty to Count Two of the indictment pursuant to a written plea agreement. Pursuant to the plea agreement, the quantity of crack cocaine attributable to Rodriguez is 177 grams. The parties have filed written briefs, presenting their positions with respect to sentencing.

When imposing a sentence, a district court must first calculate the advisory guideline range and then select a sentence within or outside the range in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006).

The Government and Rodriguez agree that, under the guidelines, based on a 100:1 crack/powder sentencing ratio and the quantity of crack cocaine attributable to

1

Rodriguez, Rodriguez's criminal history category is I with a total offense level of 27.[1] This results in an advisory guideline sentencing range of 70-87 months.

Rodriguez, however, requests that the Court impose a sentence lower than recommended by this guideline range. Rodriguez relies on the Supreme Court's decision in *United States v. Spears*, 129 S. Ct. 840 (2009) (*Spears*), for the proposition that the Court may reject the 100:1 crack/powder cocaine sentencing ratio embodied in the sentencing guidelines and use a different ratio.

In *Spears*, the Supreme Court clarified that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Id.* at 843-44. The *Spears* decision reversed the Eighth Circuit, which held that district courts could not "categorically reject the ratio set forth by the Guidelines" and could not replace "the 100:1 quantity ratio inherent in the advisory Guidelines range with a 20:1 quantity ratio." *Id.* at 842.[2]

Rodriguez points out that the Department of Justice has announced a policy that it will "inform courts that they should act within their discretion to fashion a sentence that is consistent with the objectives of 18 U.S.C. § 3553(a)." Rodriguez contends that "but for the crack-powder disparity," he would not be facing an advisory guideline range of 70 to 87 months and urges the Court to reject the 100:1 crack/powder cocaine sentencing

---

[1]Specifically, Rodriguez's base offense level is 32 pursuant to Guideline § 2D1.1(a)(3); and he is entitled to a two-level reduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a), an additional one-point reduction for timely notifying the Government of his intention to enter a guilty plea pursuant to Guideline § 3E1.1(a), and a two-level reduction pursuant to Guideline § 2D1.1(b)(11).

[2]The district court in *Spears* recalculated Spears' offense level based on a 20:1 crack-to-powder ratio.

2

ratio and use a different ratio. Rodriguez asserts that he believes a 1:1 crack-to-powder ratio would be reasonable; however, he acknowledges that the 20:1 ratio upheld in *Spears* is also reasonable.

Further, Rodriguez argues that the Section 3553(a) factors also support the imposition of a non-guideline sentence.[3] Rodriguez contends the nature of the offense and his history and characteristics, as well as the need for the sentence as measured by the factors set forth in 18 U.S.C. § 3553(a)(2), all favor a non-guideline sentence. In particular, Rodriguez emphasizes that his crime involved a single transaction where he

---

[3] 18 U.S.C. § 3553 provides in pertinent part:

(a) Factors to be considered in imposing a sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. . . .

3

did not personally acquire or have anything to do with the manufacture of the crack but, instead, brought a source cooperating with the Government to another dealer. Rodriguez is a first-time offender and not a major drug dealer nor part of a drug organization. His personal characteristics and supportive family history, as well as his education and work history, suggest a low risk of recidivism.

The Government has responded that although it believes the 70-87 month unadjusted guideline range to be a reasonable sentence in this case, it "would not oppose a reasonable deviation from [the] unadjusted guideline range, including one that would sentence defendant based on a 20:1 crack-to-powder ratio."

Although Rodriguez has proposed a different methodology for calculating an adjusted guideline range based on a 20:1 crack-to-powder ratio, the following calculation is consistent with the calculation approved in *Spears*. The 177 grams of crack cocaine attributable to Rodriguez is treated as if it were powder cocaine and is multiplied by 20, for a total of 3.54 kg of powder cocaine. This corresponds to an offense level of 30 pursuant to Guideline § 2D1.1(a)(3) and (c)(5). The adjusted offense level of 30 is reduced by: (1) a two-level reduction for acceptance of responsibility pursuant to Guideline § 3E1.1(a); (2) a one-point reduction for timely notifying the Government of his intention to enter a guilty plea pursuant to Guideline § 3E1.1(a); and (3) a two-level reduction pursuant to Guideline § 2D1.1(b)(11), as specified in the Presentence Investigation Report. This leaves a total offense level of 25. As noted above, Rodriguez's criminal history category is I, leading to an adjusted guideline sentencing range of 57-71 months.

4

In addition, the arguments and evidence as to the sentencing factors have been considered. In this case, the unadjusted sentencing guideline range of 70-87 months is substantially greater than necessary to promote the objectives of § 3553(a). Rodriguez is 22 years old and, as noted above, is a first-time offender; and the crime at issue involved a single transaction, in which Rodriguez did not personally acquire or manufacture crack cocaine. Rodriguez has accepted responsibility for his conduct and has a strong family support system and responsible work history. A sentence within a range adjusted for a 20:1 ratio, as adopted in *Spears*, is sufficient to satisfy the objectives of § 3553(a)(2) in this case.

Based on both a determination of the guideline range by using a crack-to-powder ratio of 20:1 and the Section 3353(a) factors, a sentence at the lowest end of a range of 57-71 months is appropriate.

## CONCLUSION

For the reasons stated above, Defendant is sentenced to a period of incarceration of 57 months.

Date: June 23, 2009

JOHN W. DARRAH
United States District Court Judge